### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN

| | |
|---|---|
| **MARY G. BURCHETT-BOWER and**<br>**CHARLES RICHARD BURCHETT,**<br><br>   **Plaintiffs**<br><br>   v.<br><br>**KILOLO KIJAKAZI, ACTING**<br>**COMMISSIONER, SOCIAL SECURITY**<br>**ADMINISTRATION,**<br><br>   **Defendant** | Civil Action No.  1:22-CV-56-GNS<br><br>(E-filed) |

\*   \*   \*   \*   \*

### COMPLAINT

The above named Plaintiffs make the following representations to the Court for the purpose of obtaining judicial review of decisions adverse to them by the Social Security Administration of the United States of America. They bring this action under authority of 28 U.S.C., Section 1361 for the entry of orders compelling officers and employees of the Social Security Administration to perform duties owed to them by correcting erroneous actions that deprived them of compensation they should have been allowed to receive as lawyers representing claimants before the Social Security Administration (SSA) in violation of the Social Security Act (the Act) and its own regulations. In support of their cause of action, they allege as follows:

1. They are duly licensed attorneys with authority to represent claimants for benefits before the SSA. As such, they represented certain claimants (herein and hereafter referred to collectively as "Claimants") whose names, without Social Security numbers, are shown on the sheet of paper

being filed with the Complaint. A copy of the sheet of paper with the inclusion of each Claimant's Social Security number will be served on the Commissioner and the United States Attorney with the Complaint in compliance with the spirit of Local Rule 83.11(a) of the Court. In subsequent filings of record, the Claimants will only be identified by the number which precedes their respective names on the sheet of paper attached. Each Claimant, or a representative of the claimant, has been advised of the filing of this action and has been furnished with a copy of this Complaint.

2. The Plaintiffs undertook representation of each of the Claimants under the terms of an agreement providing that if benefits were awarded, a fee for services would be due to be paid in an amount equal to 25% of the back-pay which accrued before regularly monthly income benefits began to be paid in individual monthly checks or deposits in the monthly amounts due with a minimum fee for services in a stated amount determined by the level at which the claim for benefits was finally practiced, subject to approval by the SSA.

3. It is provided by Section 206 of the Act (42 U.S.C. 406(a)(1) that the Commissioner of Social Security may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Commissioner wherein a decision favorable to a claimant represented by an attorney is rendered and set a reasonable fee for the services performed in connection with the claim. Pursuant to that authority, the Commissioner has promulgated regulations appearing at 20 C.F.R. 404.1725(b) and 416.1525(b) which do not specify a maximum fee that may be charged but require that the Commissioner weigh certain factors and award a reasonable fee for services. The factors enumerated in both regulations provide for consideration of the purpose of the Social Security program; the extent and type of services the representative performed; the complexity of the case; the level of skill and competence required of

the representative in giving the services; the amount of time the representative spent on the case; the results the representative achieved; the level to review to which the claim was taken; the level of the review at which the representative began representation; and the amount of the fee the representative requests for the services rendered.

4. The proceedings on the Claimants' applications for benefits resulted in awards of benefits to each of the named Claimants. Petitions for approval to charge and receive for services were filed on each of the claims in accordance with the agreements for representation, the Act, and the Commissioner's regulations.

5. The Commissioner and his fee adjudicators had a non-discretionary duty to award reasonable fees for services to the Plaintiffs in accordance with the Commissioner's regulations promulgated pursuant to 42 U.S.C. 406(a)(1) as above alleged. They failed to perform that duty by granting inadequate fee awards using incorrect standards of review without regard to the standards provided by the Commissioner's regulations that they had a clear non-discretionary duty to apply.

6. The fee requests for services rendered for Claimants 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, and 12 should have been evaluated under the standards provided by the Commissioner's regulations promulgated under 42 U.S.C. 406(a)(1), above identified, in what is commonly referred to as the Fee Petition process to which no maximum fee applies. Instead, each of the fee requests were treated as if they were Fee Agreement cases provided for in 42 U.S.C. 406(a)(2)(A)(ii)(II) to which a $6,000.00 maximum fee allowance now applies. Specifically, in each case, the fee adjudicator divided the amount of the fee for services requested by the number of hours shown to have been spent on the case to determine an hourly rate; that hourly rate was then multiplied by the number of hours the adjudicator determined to be non-compensable; that result was then subtracted from the

$6,000.00 fee cap applicable to Fee Agreement cases to determine the amount of the fee allowed. Those calculations are shown for each of eleven of the Claimants [Claimants 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, and 12] identified on the page filed with this Complaint. With only the exception of Claimant 5, the fees allowed for services were exactly the same as the amount determined by the method above described. The difference in the amount of the fee allowed in that case ($5,549.00 instead of $5,459.00) appears to be the result of error made by reversing the numerals 4 and 5.

7. Substantial time was spent on the claim for Claimant 8. Although monthly benefits have been received since November 2018, past-due benefits only amounted to $2,271.00. Under the agreement for representation in that case, a fee for services under the minimum fee provisions of the agreement for representation was due in the amount of $2,000.00 approval of which was requested. Such amount was allowable under the Fee Petition process and the Commissioner's regulations at 20 C.F.R. 416.1525(b) promulgated pursuant to 42 U.S.C. § 406(a)(1) but the twenty-five percent of past due benefits fee cap provided for under the Fee Agreement process at 42 U.S.C. § 406(a)(2)(A)(i)(I) was applied. A twenty-five percent fee of only $567.75 was allowed ($2,271.00 x 25% = $567.75) for more that forty hours of professional and para-professional quality time was allowed for an hourly rate of less than $15.00.

8. The Plaintiffs have exhausted all administrative remedies available to them under the Commissioner's regulations. Review of each of the fee awards by the Administrative Law Judges who rendered the favorable disability decisions was requested by the Commissioner's Southeastern Regional Chief Administrative Law Judge (RCALJ) in accordance with the Commissioner's regulations. Upon review, all of the fee awards were affirmed without any changes in the amount of fees awarded. The order entered on each claim contained the statement: "This determination is

final and cannot be appealed." Nevertheless, Petitions to Reopen, Reconsider and Revise the reviewed determination in each of the twelve claims were timely submitted by the Plaintiffs as allowed by the Commissioner's regulations at 20 C.F.R. 404.989 and/or 416.1489. Each Petition was denied by affirmation of the previous erroneous decision.

**WHEREFORE,** the Plaintiffs request judicial review by this Court and entry of orders pursuant to 28 U.S.C. 1361 compelling the Commissioner and other officers and employees of the Social Security Administration to perform their duties by re-evaluating the Plaintiffs' petitions to charge and receive a fee for services under the Fee Petition process provided by 20 C.F.R 404.1725 and/or 416.1525 and for such other relief as is proper in the premises including reimbursement of costs and expenses incurred and the award of reasonable attorneys' fees for the time spent in connection with the prosecution of this action.

Dated May 16, 2022.

          **PLAINTIFFS:**

          s/ *Mary G. Burchett-Bower*
          **Mary G. Burchett-Bower**
          **Attorney-at-Law, Pro Se**

          **and**

          *s/ Charles Richard Burchett*
          **Charles Richard Burchett**
          **Attorney-at-Law, Pro Se**